[Docket No. 39]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 10-208 (RMB) |
| v. | **Opinion and Order** |
| JONG SHIN | |

Appearances:

    Diana Vondra Carrig
    R. David Walk, Jr.
    Office of the U.S. Attorney
    District of New Jersey
    401 Market Street, 4th Floor
    P.O. Box 2098
    Camden, NJ 08101

        Attorneys for the United States of America

    Kenneth Rosellini
    Ottilio Building
    555 Preakness Avenue
    Level Two, Four East
    Totowa, New Jersey 07512

        Attorney for Defendant

BUMB, United States District Judge:

    Defendant Jong Shin ("Defendant") was charged in a four-count indictment (the "Indictment") and convicted of all four counts. Defendant has now moved for a judgment of acquittal on all four counts. For the reasons that follow, that motion is DENIED.

I.  Background

The Indictment alleged that the Defendant engaged in a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1), a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h)(Count 2), and furnished false statements, in violation of 18 U.S.C. § 1014, to financial institutions for the purpose of influencing those institutions (Counts 3 and 4).

All of these charges related to an alleged mortgage fraud scheme, orchestrated by the Defendant, in which the Defendant purchased homes in Atlantic City and recruited straw purchasers to purchase the homes at fraudulently inflated prices. The wire fraud conspiracy charge - Count 1 - was predicated on this overall scheme. With respect to this scheme, the evidence showed that: (1) the Defendant orchestrated a scheme with her co-conspirators that caused numerous false statements to be submitted to lending banks in support of mortgage applications; (2) that these false statements were on matters of importance to the banks that were the victims of the scheme; and (3) that the banks would not have issued the mortgages at issue here had the truth been disclosed.

Defendant's agreement with her co-conspirators to then use the proceeds of the wire fraud scheme formed the basis for Count 2 - the money laundering conspiracy charge. The evidence showed that the Defendant used the proceeds of these transactions to,

among other things, pay kickbacks to her co-conspirators and finance the purchase of a liquor store in Englewood, New Jersey.

Both false statement charges related to false statements made in connection with mortgage applications to J.P. Morgan Chase Bank ("Chase"). With respect to both Counts, the jury was charged that it could find the Defendant guilty if she was directly responsible for making the false statements at issue, if she aided and abetted the making of the false statements, or if the false statements were made in the course and in furtherance of the conspiracy and were a reasonably foreseeable consequence of the conspiracy.

Specifically, Count 3 charged the Defendant with making false statements to Chase for the purpose of influencing Chase to issue mortgages to Defendant's co-conspirator, Tula Rampersaud ("Tula"), on a property located at 136 South Bellevue Atlantic City, New Jersey. With respect to this Count, there was evidence before the jury, or from which the jury could infer, that: (1) Defendant recruited Tula to participate in the scheme and directed that Tula purchase the property at issue in this Count; (2) Tula signed a fraudulent loan application to purchase the property; (3) the loan application was, in fact, largely prepared by the Defendant knowing of its falsity; and (4) Shin directed that co-conspirator Michael Oxley ("Oxley") prepare a false appraisal for the home at issue, which was submitted to Chase.

Similarly, Count 4 charged Defendant with making false

statements to Chase for the purpose of influencing Chase to issue a mortgage to Defendant's co-conspirator, Sudesh Rampersaud ("Susesh"), on a property located at 1929 Blaine Avenue, Atlantic City, New Jersey.  With respect to this Count, there was evidence before the jury, or from which the jury could infer, that: (1) Shin recruited Sudesh in the scheme and directed him to purchase the property at issue; (2) Sudesh signed a fraudulent loan application to purchase the property; (3) the loan application was, in fact, largely prepared by the Defendant knowing of its falsity; and (4) Oxley had prepared a fraudulent appraisal in for the home at issue, which was submitted to Chase.

II.  Standard

Under Federal Rule of Criminal Procedure 29(a), a defendant may seek a judgment of acquittal "if the evidence is insufficient to sustain a conviction . . . ."  Federal Rule of Criminal Procedure 29(a).  Demonstrating that judgment of acquittal is warranted is a high burden.  United States v. Lore, 430 F.3d 190, 204 (3d Cir. 2005).  The Rule requires the Court to "view the evidence in the light most favorable to the jury verdict and presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences." United States v. Kelley, 301 F. App'x 172, 175 (3d Cir. 2008). The Court may overturn a guilty verdict only if "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt."

United States v. Hawkins, 280 F. App'x 117, 120 (3d Cir. 2008)(quotation and citation omitted).

III. Analysis

Defendant has moved for judgment of acquittal on all four Counts of the Indictment. The Court addresses the Counts in order.

    A.   Count 1

With respect to Count 1, Defendant makes three arguments: (1) that the Government was required, and failed, to prove the underlying offense of wire fraud; (2) that the evidence did not support the existence of conspiracy to commit wire fraud because the government was required, and failed, to prove that the "alleged scheme to defraud could have deceived a reasonably prudent person standing in the shoes of the decision maker"; and (3) that the Government failed to meets its burden of proof on this issue because of its failure to offer expert evidence.

As to Defendant's first argument, the Government was not required to prove the underlying substantive offense of wire fraud; it was required to prove that the Defendant conspired to commit wire fraud. United States v. Sattar, 395 F. Supp. 2d 79 (S.D.N.Y. 2005)("For a jury to find a defendant guilty of a conspiracy charge, the Government need not prove that the underlying substantive offense was actually committed.").

Defendant's second argument similarly conflates the required showing to prove wire fraud with that needed to prove conspiracy

to commit wire fraud. To the extent that it is proper to consider the underlying elements of wire fraud to determine whether conspiracy to commit wire fraud has been proven, Defendant's argument rests on an incorrect reading of the law. Defendant's argument is premised on an excerpt from the jury instruction on wire fraud that the conduct must be "reasonably calculated to deceive persons of average prudence." Third Circuit Model Jury Instruction No. 6.18.1341-1. That instruction addresses the defendant's intent, not the reasonableness of the victim's conduct. United States v. Thomas, 377 F.3d 232, 242 (2d Cir. 2004)("The 'unreasonable victim' argument misapprehends the function of the ordinary prudence standard."). It is designed to ensure that, in situations where a defendant's intent is unclear, the defendant's conduct is, in fact, "calculated to deceive." Thomas, 377 F.3d at 242. In this way, the instruction insulates "sharp dealing" - business conduct that is "customary", "harmless", and that would fool no one - from "real fraud." United States v. Coffman, 94 F.3d 330, 334 (7th Cir. 1996). The instruction is not, however, intended to grant permission to take advantage of the stupid or careless." Thomas, 377 F.3d at 243. It is entirely irrelevant whether the victim of fraud was careless or negligent. United States v. Coyle, 63 F.3d 1239, 1244 (3d Cir. 1995). Here, Defendant's argument improperly attempts to put the reasonableness of the diligence of the deceived banks at issue. However, as noted, the degree of care

exercised by the banks is irrelevant.  And there was ample evidence that Defendant's conduct was, in fact, calculated to deceive.  The Government submitted substantial evidence that: (1) Defendant orchestrated the filing of false loan applications, false HUD-1 forms, fraudulent appraisals, false affidavits and certifications, and false verifications of employment; (2) that these false statements were on matters of importance to the banks; and (3) that the banks would not have made the loans at issue had they known the true facts.  These false statements are not the type of "sharp dealing" the "reasonably prudent" instruction insulates from criminal liability.  They instead unequivocally support that the misstatements were calculated to deceive the banks.

    Finally, the Court rejects Defendant's third argument. Expert testimony would have been both unnecessary and potentially improper.  Expert testimony was unnecessary because it was within the jury's own competency to assess the Defendant's intent. Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 415-16 (3d Cir. 1999)(holding that expert testimony is not needed on issues jury can understand on its own).  It could also have potentially run afoul of Federal Rule of Evidence 704(b), which prohibits expert testimony opining or inferring that the defendant in a criminal case has the requisite intent for the crime charged.  United States v. Basheer, No. 07-3537, 2010 WL 4948960, at *2 (3d Cir. Dec. 7, 2010).  Accordingly, Defendant's motion for a judgment of

acquittal on Count 1 is denied.

    B.   <u>Count 2</u>

While Defendant moved for judgment of acquittal on Count 2 in her Opening Brief in support, she submitted no legal argument in support of that aspect of her motion. Neither is this aspect of her motion even alluded to in her Reply Brief. Because Defendant failed to make any argument with respect to this Count in her briefing, the Court considers it to have been abandoned. And, in any event, there was ample evidence presented that would support a finding of conspiracy to commit money laundering here. Accordingly, Defendant's motion for a judgment of acquittal on Count 2 is denied.

    C.   <u>Counts 3 and 4</u>

Defendant argues that the Government failed to submit sufficient evidence with respect to these Counts because it was required, and failed, to show that the Defendant "made any direct representations concerning the loan and [because] the Defendant was neither the borrower nor the payee of the loan". None of these facts, however, are material to the Government's burden with respect to the charged crime. Whether the Defendant made the representations at issue here directly is immaterial. The jury could have properly found the Defendant guilty beyond a reasonable doubt based on any one of three alternative theories: (1) Defendant's knowledge, when she prepared the fraudulent loan applications at issue, that they would ultimately be submitted to

Chase; (2) Defendant's aiding and abetting of her co-conspirators in committing these offenses; and (3) the fact that both of these offenses were committed in the scope and in furtherance of the wire fraud conspiracy and the acts were reasonably foreseeable consequences of the conspiracy. United States v. Solomon, No. 06-222, 2009 WL 2431316, at *4 n. 10 (E.D.Pa. Aug. 6, 2009)(holding that, for violation of 18 U.S.C. § 1014, the defendant "need not actually make the false statement directly to the insured institution to be found guilty" and that the defendant "need only intend for his fraudulent statements to impact a bank"); United States v. Walsh, 133 F.3d 908 (2d Cir. 1998)(affirming judgment of conviction based on one count of aiding and abetting violation of 18 U.S.C. § 1014); United States v. Lopez, 271 F.3d 472, 480 (3d Cir. 2001)(holding that "the Pinkerton doctrine, permits the government to prove the guilt of one defendant through the acts of another committed within the scope of and in furtherance of a conspiracy of which the defendant was a member, provided the acts are reasonably foreseeable as a necessary or natural consequence of the conspiracy.").  The Government presented evidence that would support each of these theories.  That Defendant was neither the borrower, nor the payee of the mortgages at issue is immaterial, as neither is a required element of the charged offense. United States v. Sabarese, No. 93-457, 1994 WL 193916, at *1 (E.D.Pa. May 18, 1994)(listing elements of 18 U.S.C. §

1014). Therefore, Defendant's motion for a judgment of acquittal with respect to these Counts is denied.

IV. Conclusion

For all these reasons, Defendant's motion for a judgment of acquittal is DENIED.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: April 18, 2012